UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD WILLIAM WARD,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CHRISTINE RAYGOZA, et al.,<br><br>　　　　Defendants. | Case No.: 1:21-cv-00903-SAB (PC)<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN A DISTRICT JUDGE TO THIS ACTION<br><br>FINDINGS AND RECOMMENDATION RECOMMENDING DISMISSAL OF ACTION FOR FAILURE TO STATE A COGNIZABLE CLAIM FOR RELIEF<br><br>(ECF No. 13) |

　　　　Plaintiff Ronald William Ward is proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

　　　　Currently before the Court is Plaintiff's first amended complaint, filed October 14, 2021.

I.

SCREENING REQUIREMENT

　　　　The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fail[] to state a claim on which relief may be granted," or that "seek[] monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); see also 28 U.S.C. § 1915A(b).

　　　　A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but

"[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Moreover, Plaintiff must demonstrate that each defendant personally participated in the deprivation of Plaintiff's rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Prisoners proceeding *pro se* in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## II.

## COMPLAINT ALLEGATIONS

The Court accepts Plaintiff's allegations in the complaint as true *only* for the purpose of the *sua sponte* screening requirement under 28 U.S.C. § 1915.

Plaintiff names fifty-one officials who are employed at the Coalinga State Hospital, as Defendants.

All Defendants violated hospital policy by not wearing masks or not wearing them properly. All claims are supported by an outside entity investigation, in-house e-mails, and memorandums.

The Healthcare-Associated Infections program (HAI) conducted an investigation on July 22, 2020, and found that several staff were not properly wearing their masks and in some cases not wearing them at all. The number of COVID-19 cases in the hospital show the lack of care to follow hospital policy by wearing masks.

Plaintiff seeks monetary damages as well as other costs.

2

# III.

# DISCUSSION

### A.  Failure to Wear Facial Mask/Exposure to COVID-19

As Plaintiff is a civil detainee, the standards set forth under the Fourteenth Amendment applies.  The Fourteenth Amendment protects the rights of pretrial detainees. Bell v. Wolfish, 441 U.S. 520, 545 (1979). "[U]nder the Due Process Clause, a detainee may not be punished prior to an adjudication of guilt in accordance with due process of law." Demery v. Arpaio, 378 F.3d 1020, 1029 (9th Cir. 2004) (quoting Bell, 441 U.S. at 535). During the period of detention prior to trial, a pretrial detainee may be properly subject to the conditions of the jail so long as they do not amount to punishment. Bell, 441 U.S. at 536–37.

"Pretrial [or civil] detainees are entitled to 'adequate food, clothing, shelter, sanitation, medical care, and personal safety.' " Alvarez-Machain v. United States, 107 F.3d 696, 701 (9th Cir. 1996) (quoting Hoptowit v. Ray, 682 F.2d 1237, 1246 (9th Cir. 1982)).  To state a claim of unconstitutional conditions of confinement against an individual defendant, a pretrial [or civil] detainee must allege facts that show: (i) the defendant made an intentional decision with respect to the conditions under which the plaintiff was confined; (ii) those conditions put the plaintiff at substantial risk of suffering serious harm; (iii) the defendant did not take reasonable available measures to abate that risk, even though a reasonable official in the circumstances would have appreciated the high degree of risk involved – making the consequences of the defendant's conduct obvious; and (iv) by not taking such measures, the defendant caused the plaintiff's injuries. Gordon v. County of Orange, 888 F.3d 1118, 1125 (9th Cir. 2018).

The Court acknowledges COVID-19 poses a substantial risk of serious harm. See Plata v. Newsom, 445 F. Supp. 3d 557, 559 (N.D. Cal. Apr. 17, 2020) ("[N]o one questions that [COVID-19] poses a substantial risk of serious harm" to prisoners.).  However, in order to state a cognizable Fourteenth Amendment claim, Plaintiff must provide more than generalized allegations that they have not done enough to control the spread. See Booth v. Newsom, No. 2:20-cv-1562 AC P, 2020 WL 6741730, at *3 (E.D. Cal. Nov. 17, 2020); see also Blackwell v. Covello, No. 2:20-CV-1755 DB P, 2021 WL 915670, at *3 (E.D. Cal. Mar. 10, 2021) (failure to state a claim against warden for failure to

adequately control the spread of COVID-19 in the prison).  Whether the conditions and conduct rise to the level of a constitutional violation is an objective assessment that turns on the facts and circumstances of each particular case. Gordon v. County of Orange, 888 F.3d at 1125; Hearns v. Terhune, 413 F.3d 1036, 1042 (9th Cir. 2005).  However, "a de minimis level of imposition" is insufficient. Bell, 441 U.S. at 539 n.21.  In addition, the " 'mere lack of due care by a state official' does not deprive an individual of life, liberty, or property under the Fourteenth Amendment." Castro v. County of Los Angeles, 833 F.3d 1060, 1071 (9th Cir. 2016) (quoting Daniels v. Williams, 474 U.S. 327, 330-31 (1986)).  Thus, a plaintiff must "prove more than negligence but less than subjective intent—something akin to reckless disregard." Id.  Although pro se pleadings are liberally construed, Haines v. Kerner, 404 U.S. 519, 520-21 (1972), conclusory and vague allegations will not support a cause of action. Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982).  Further, a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled. Id.

        Plaintiff alleges violations of various rules, regulations and policies, by the Defendants. Plaintiff is advised that violation of state penal codes, regulations, rules and policies of the Department of State Hospitals, or other state law is not sufficient to state a claim for relief under § 1983.  Section 1983 provides a cause of action for the deprivation of federally protected rights. "To the extent that the violation of a state law amounts to the deprivation of a state-created interest that reaches beyond that guaranteed by the federal Constitution, [s]ection 1983 offers no redress." Sweaney v. Ada Cty., Idaho, 119 F.3d 1385, 1391 (9th Cir. 1997) (quoting Lovell v. Poway Unified Sch. Dist., 90 F.3d 367, 370 (9th Cir. 1996)); see Davis v. Kissinger, No. CIV S–04–0878-GEB-DAD-P, 2009 WL 256574, *12 n. 4 (E.D. Cal. Feb. 3, 2009).  Nor is there any liability under § 1983 for violating prison policy. Cousins v. Lockyer, 568 F.3d 1063, 1070 (9th Cir. 2009) (quoting Gardner v. Howard, 109 F.3d 427, 430 (8th Cir. 1997)); Galen v. Cnty of Los Angeles, 477 F.3d 652, 662 (9th Cir. 2007) (section 1983 does not provide a cause of action for violations of state law). Thus, the violation of any regulation, rule or policy does not amount to a cognizable claim under federal law, nor does it amount to any independent cause of action under section 1983.  Although the Court may exercise supplemental jurisdiction over

state law claims, Plaintiff must first have a cognizable claim for relief under federal law. See 28 U.S.C. § 1367.

In addition, the California Government Claims Act (the "Act") requires that any plaintiff suing a public employee or entity for money damages arising out of injury to person or property present a claim to the public entity's board within six months after the cause of action accrues. See Cal. Gov't Code §§ 911.2, 945.4. The claim must include a "general description of the ... injury ... so far as it may be known at the time of presentation of the claim." Cal. Gov't Code § 910(d). If a claim is filed between six months and a year after the cause of action accrues, then the claimant may apply to present a late claim. See Cal. Gov't Code § 911.4. The claim presentation requirement is an element of a cause of action for damages against a public entity or official, and failure to present a claim will result in dismissal of state-law claims. See State v. Superior Court, 32 Cal. 4th 1234, 1240-41, 1244 (2004). Federal courts thus require presentation for state-law claims that seek damages against state public employees or entities. See Karim-Panahi, 839 F.2d at 627 (finding that failure to comply with Act's claim-filing requirements bars pendent state-law claims). Thus, state-law claims may proceed only if the claims were first presented as required by the Act. See Volis v. Hous. Auth. of L.A. Emps., 670 F. App'x 543, 544 (9th Cir. 2016) (finding that district court properly dismissed state-law claims because plaintiff "failed to file a timely claim as required by the California Government Claims Act"). Plaintiff does not allege that he complied with the Act through timely presentation of his claims. Therefore, his state-law claims are subject to dismissal.

Furthermore, Plaintiff fails to demonstrate a cognizable due process claim. Plaintiff alleges, in general terms, that Defendants each violated hospital policy by failing to wear a face mask. However, Plaintiff's generalized allegations are insufficient to state a cognizable Fourteenth Amendment claim. In order to state a cognizable claim, Plaintiff must specifically identify a defendant's challenged conduct, explain how such conduct is unreasonable under the circumstances, and describe how such conduct harmed Plaintiff. See Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) ("A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made.") Plaintiff alleges no

facts against a properly named Defendant that suggest he/she made an intentional decision with respect to the conditions under which the Plaintiff was confined, which put Plaintiff at substantial risk of suffering serious harm, that the Defendant did not take reasonable available measures to abate that risk and that Plaintiff was harmed.

Plaintiff was previously granted leave to amend, and there appears to be no facts or information that Plaintiff can add to this claim that would render it cognizable. Accordingly, the Court recommends dismissal of the action, without further leave to amend. See Hartmann v. CDCR, 707 F.3d 1114, 1130 (9th Cir. 2013) ("A district court may deny leave to amend when amendment would be futile."); accord Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000) ("Courts are not required to grant leave to amend if a complaint lacks merit entirely.").

## IV.

## ORDER AND RECOMMENDATION

Based on the foregoing, it is HEREBY ORDERED that the Clerk of the Court randomly assign a district judge to this action.

Further, it is HEREBY RECOMMENDED that Plaintiff's complaint be dismissed without leave to amend for failure to state a claim.

This Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **fourteen (14)** days after being served with this Findings and Recommendation, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Plaintiff is advised that failure to file objections within the specified time may

///
///
///
///
///
///

result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **October 26, 2021**

UNITED STATES MAGISTRATE JUDGE